IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KEVIN DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE SKILLEN, JASON RUFF, and OFFICER HARRIS,<br><br>Defendants. | CV 23-91-BLG-SPW<br><br><br>ORDER |

Plaintiff Kevin Davis ("Davis") is a Montana state inmate proceeding pro se. His Complaint alleges violations of various constitutional rights, pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Complaint may fail to state a claim upon which relief can be granted, but for the following reasons, the Court will stay this matter pending the outcome of Davis's state court proceedings.

## I.   FACTUAL BACKGROUND

Davis alleges a variety of claims against two probation officers, Jason Ruff and Shane Skillen, and two Billings Police Officers, Tyrel Flammang and Steve Hallam. (Doc. 1 at 2 – 3.) Davis labels his claims as violations of the Eighth, Fourteenth, and Fourth Amendments, in the form of false reports, racial profiling, targeting, false arrest, false imprisonment, evidence tampering, entrapment, and

1

framing. (Doc. 1 at 3 – 4.)

Davis appears to state three claims. The first occurred on October 11, 2022 in Billings, Montana. Davis was waiting on the street for a car when the police came and arrested him, supposedly on an outstanding warrant. (Doc. 1 at 4.) Davis names Ruff and Skillen as involved in the arrest, with additional unnamed officers. Davis states the officers took his wallet, money, and phone. He was roughly arrested and placed in a police car. On the way to the jail, the officers got a call on the radio from dispatch saying that he did not have a warrant. He was taken to the probation office, where an officer took a picture of his sore wrist. He was then taken to jail, where he spent three days without charges. (Doc. 1 at 7.)

The second event occurred on October 24, 2022. Davis was asleep in the morning and Defendants Ruff and Skillen came to do a check. They kicked in the door. Davis had no warrants. There was a woman there who was also on probation. She was searched and had drugs on her. Defendants Ruff, Skillen, and Hallam "made her a C.I. informant to frame[,] entrap[,] and [give] Davis her charges…" (Id. at 8.) Davis was taken to jail, and the woman was left at the home to steal and tamper with evidence. The officers tore up the house in a search and have edited their body cam footage.

Davis's third claim occurred on August 26, presumably also 2022. Davis

2

was riding in a car in Billings when Defendant Skillen pulled the car over and ordered Davis out of the car. Davis was cuffed, which he considers racial profiling since none of the other occupants were. Skillen took $2000 from Davis and took him to Probation and Parole. (Doc. 1 at 9.)

Davis also filed a Memorandum in support of his Complaint, but it is unclear whether these are additional events or merely additional details. For the purpose of this screening Order, the Court will not consider this document.

The Court takes note of the publicly available Yellowstone County Detention Facility roster, which shows Davis having been booked in on July 12, 2023 on a probation violation and a new drug possession charge. https://www.yellowstonecountymt.gov/sheriff/detention, searched on October 2, 2023.

## II. SCREENING STANDARD

Davis is an inmate proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A

complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a

constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III.   SCREENING ANALYSIS

Davis challenges actions of State of Montana Probation Officers and

5

Billings police officers, related to previous and perhaps ongoing criminal proceedings. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue *sua sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an

important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* appear to be present. First, Davis's allegations suggest there are ongoing criminal proceedings against him, because the underlying events involve arrests and incarceration. The state proceedings are criminal enforcement actions which implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local officers, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Davis will have an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights. "[T]he threat to the

7

plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Davis has opportunities under Montana law to address the alleged violations of his federal rights relative to his arrest and prosecution.

Where *Younger* principles apply, a stay is appropriate when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were violated." *Gilbertson*, 381 F.3d at 984. But "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding whether Davis's constitutional rights were or are being violated would have the effect of interfering with the "state courts' ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on the constitutional issues raised by Davis in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Davis's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of

*Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Davis has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

In this matter, the Court finds that abstention is appropriate. Because Davis is seeking monetary damages, the case will be stayed, pending the outcome of his state criminal proceedings. When the stay is lifted, following the conclusion of Davis's state court proceedings, Davis will be directed to file an Amended Complaint that includes all of his viable claims, if he has any at that time.

## V. CONCLUSION

Accordingly, the Court makes the following:

9

## ORDER

1. This matter is STAYED pending the outcome of Davis's ongoing state court criminal proceedings. It will be administratively closed. Davis is directed to file a report on the status of his state court cases every six months until such time as they have been resolved. Davis is advised that if he desires to continue with this matter after disposition of the state court cases, he must request the stay be lifted and the case be reopened within thirty days of completion of the appellate process.

2. At all times during the pendency of this action, Davis must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 3rd day of October, 2023.

Susan P. Watters
District of Montana